## DELANEY v. POND.

1. EASEMENTS—RIPARIAN RIGHTS—MOORING OF BOATS—SUNBATHING.
   Owners of interior lots of a subdivision in whose favor there
   was dedicated an easement 10' wide across certain lots as
   right of access to river and lake for appurtenant riparian
   rights were not thereby entitled to permanently moor boats on
   the easement or on submerged lands of the owners of the
   servient estate nor use the latter's lands for sunbathing.

2. SAME—CONSTRUCTION.
   The use of an easement must be confined strictly to the purposes
   for which it was granted or reserved.

Appeal from Oakland; Adams (Clark J.), J. Submitted October 10, 1957. (Docket No. 34, Calendar No. 47,099.) Decided December 24, 1957.

Bill by Max W. Delaney and 10 other property owners against Arthur R. Pond and 12 other property owners in subdivision to establish rights under easement in respect to access to river and lake. Decree granting partial relief. Plaintiffs appeal. Affirmed.

*Robert D. Heitsch,* for plaintiffs.

*Beer, Rowston & Currah* (*Philip E. Rowston,* of counsel), for defendants.

REFERENCES FOR POINTS IN HEADNOTES
[1] 17A Am Jur, Easements § 119.
[1, 2] 17A Am Jur, Easements § 115.

KELLY, J. Plaintiffs are owners of lots in the interior of a subdivision, and defendants own lots in the same subdivision facing on Clinton river. Plaintiffs' action in chancery is to determine rights from the grant of an easement. Plaintiffs appeal from the decree of Hon. Clark J. Adams, circuit judge of Oakland county, providing:

"It is ordered, adjudged and decreed defendants are restrained from interfering with plaintiffs' right to access to the water of the Clinton river (new channel) and Loon lake, for the purpose of swimming, fishing, bathing, wading, and boating in those waters.

"It is further ordered, adjudged, and decreed the request of plaintiffs for an injunction restraining the defendants from interfering with the plaintiffs' sun bathing and permanent mooring of boats on the property included in the easement is denied."

The easement in question is set forth in the dedication of the plat as follows:

"And that the park and outlot of 'A' and the 10-foot easement along the rear of lots 23 to 31, both inclusive, all as shown on said plat, and all riparian rights appurtenant to all lots and property in said subdivision, are hereby dedicated only to the common use and enjoyment of the owners of all lots in said subdivision."

Restriction number 15, imposed on all the lots in the subdivision, states that:

"A 10-foot easement has been provided for along the edge of the Clinton river (new channel) over and across lots 23 to 31, inclusive, access to this easement being from the area designed as 'park' all of which is shown on the recorded plat. This easement is provided for access to the river and shores of Loon lake by property owners in this subdivision."

The question presented in this appeal is whether this 10-foot easement, created to provide access to

the river, gave to plaintiffs the right to moor boats on said easement or submerged lands of the owners of the servient estate (appellees).

The rights granted to plaintiffs to make use of the water granted to plaintiffs no rights to the bordering land beyond that necessary to permit enjoyment of the water rights. In *Douglas* v. *Bergland*, 216 Mich 380 (20 ALR 197), we held that the right to fish in the waters of a navigable lake does not carry with it the right to trespass upon the fast land of a riparian owner or to appropriate his property in the exercise of such right.

The use of an easement must be confined strictly to the purposes for which it was granted or reserved. A principle which underlies the use of all easements is that the owner of an easement cannot materially increase the burden of it upon the servient estate or impose thereon a new and additional burden. See 17A Am Jur, Easements, § 115, p 723.

The chancellor in his opinion stated:

"In the present case the extent of the easement is limited by specific words to the right of access to Clinton river and Loon lake. Defendants' lots are privately owned and subject to the plaintiffs' easement. This right of access is clearly intended to permit the plaintiffs to exercise their right to enjoy the waters of the Clinton river and Loon lake in common with all other property owners in the subdivision. Such right, however, to enjoy the use of the adjacent waters cannot logically be construed as a right to use the lands of the defendants for purposes other than those related to the use of the water itself.

"It would seem to follow logically therefore, that the plaintiffs do have an unrestricted right of access to the use of the waters of Clinton river and Loon lake for the purpose of swimming, fishing, bathing, wading and boating. It does not follow that the plaintiffs have the right to sun bathe on the defend-

ants' property, for it cannot be said that sun bathing is a use of the adjacent waters, nor can it be said that permanent mooring a boat is included in the right to fish and boat. Obviously plaintiffs have the right to use the easement for the purpose of carrying their boats to the waters of the river and lake, but they cannot store them permanently on the easement way, nor attach them to stakes driven into the land."

We agree with the chancellor, and the decree is affirmed. Costs to appellees.

DETHMERS, C. J., and SHARPE, SMITH, EDWARDS, VOELKER, CARR, and BLACK, JJ., concurred.