### MUSSER v. LOON LAKE SHORES ASSOCIATION, INC.

1. EASEMENTS—LOCATION—PLATS—PARKS.

   The dedication in the plat of a subdivision " * * * that the Park and Outlot 'A', and the ten (10) foot easement along the rear of lots 23 to 31, both inclusive, all as shown on said plat, and all riparian rights appurtenant to all lots and property in said subdivision, are hereby dedicated only to the common use and enjoyment of the owners of all lots in said subdivision" are convincing, both from an examination of the plat and the construction of the words of dedication, that the park runs to the water's edge and neither the language of the dedication "along the rear of lots 23 to 31, both inclusive" nor the drawing on the plat are convincing that the easement was intended to cross the park.

2. DEEDS — CONSTRUCTION — TENANCY IN COMMON — EASEMENTS — COMMON USE.

   A conveyance of a lot in a subdivision stating, "Also an undivided 1/43 interest in land described as park and Outlot A * * * all to be used and enjoyed in common with other lot owners" was a conveyance of an undivided 1/43 interest in the fee and, therefore, all of the subdivision owners are tenants in common with each interest holding an easement over every other interest "for the common use and enjoyment" of all lot owners.

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 23 Am Jur 2d, Dedication §§ 23, 26; 25 Am Jur 2d, Easements and Licenses §§ 20–23.
[2] 20 Am Jur 2d, Cotenancy and Joint Ownership §§ 25, 27, 28; 25 Am Jur 2d, Easements and Licenses §§ 20–23, 26.
[3] 20 Am Jur 2d, Cotenancy and Joint Ownership §§ 34, 37; 25 Am Jur 2d, Easements and Licenses §§ 88–90.
[4] 20 Am Jur 2d, Cotenancy and Joint Ownership § 90.

3. TENANCY IN COMMON—MUTUAL RIGHTS—PARKS—BRIDGES.

A park, which subdivision owners held as tenants in common with each interest holding an easement over every other interest "for the common use and enjoyment" of all lot owners, may be put to any proper use which does not interfere with any proper use by another owner and a proposed bridge to an Outlot "A" in the subdivision across a river from the park was such a use where there was no showing that the proposed use would interfere in any way with the use of plaintiffs, who were owners of a lot in the subdivision, and plaintiffs, who were owners of riparian land in another subdivision, as such proposed use was consonant with the general scheme of the subdivider and the desires of most of the lot owners.

4. TORTS—LIABILITY—TENANCY IN COMMON.

A general principle of tort law is that a person is liable only as he participates in an activity giving rise to a tort and mere co-ownership of land standing alone will not subject a person to liability for torts committed in the land by the other co-owners.

Appeal from Court of Appeals, Division 2, Quinn, P. J., and McGregor and V. J. Brennan, JJ., affirming Oakland, Robert L. Templin, J. Submitted November 9, 1970. (No. 5 October Term 1970, Docket No. 52,439.) Decided May 3, 1971.

16 Mich App 593 affirmed.

Complaint by Marshall L. Musser, Phyllis I. Musser, Thomas V. Burgess and Merla J. Burgess against Loon Lake Shores Association, Inc., to enjoin the construction of a bridge. Dale O. Hargraves, Gerald Davis and Beverly Lawton were joined as class representatives on behalf of themselves and all other members of defendant association. Judgment granting a permanent injunction prohibiting plaintiffs from further interference with the construction of the bridge. Plaintiffs appealed to the Court of Appeals. Affirmed. Plaintiffs appeal. Affirmed.

*Jerome E. Mulligan*, for plaintiffs.

*Eugene K. Pool*, for defendants.

T. G. KAVANAGH, J. "Loon Lake Shores" is a subdivision of land in Waterford Township, Oakland County, Michigan comprised of 43 lots, an area designated "Park" and an area designated "Outlot A" as indicated on the appended reproduction of the plot of such subdivision.

As stated in the dedication recited on the plat:

" * * * the streets as shown on said plat are hereby dedicated to the public and that the Park and Outlot "A", and the ten (10) foot easement along the rear of lots 23 to 31, both inclusive, all as shown on said plat, and all riparian rights appurtenant to all lots and property in said subdivision, are hereby dedicated only to the common use and enjoyment of the owners of all lots in said subdivision."

Subsequent to the platting of said property, the lots were all subjected to building and use restrictions by an appropriate instrument which included the following language:

"(15) A ten-foot easement has been provided for along the edge of the Clinton River (new channel) over and across lots 23 to 31, inclusive, access to this easement being from the area designated as "Park" all of which is shown on the recorded plat. This easement is provided for access to the River and shores of Loon Lake by property owners in this Subdivision."

In the summer of 1966, the defendant Loon Lake Shores Association, Inc. began construction of a bridge to Outlot "A" and caused concrete footings therefor to be installed at the edge of the Clinton River (new channel) and the "Park".

Suit was brought to enjoin such construction by plaintiffs Musser as owners of lot 26 in said subdivision and plaintiffs Burgess as owners of riparian land in another subdivision, asserting invasion of their respective interests.

A temporary restraining order was entered staying construction of the bridge.

Defendant Loon Lake Shores Association, Inc. filed answer to the complaint, contesting the material allegations thereof and asserting affirmative defenses. The defendant also filed a counterclaim asserting that it represented a majority of the lot owners in said subdivision, that the proposed bridge was necessary to their use and enjoyment of the property contemplated in the dedication and that the bridge was approved, cleared and endorsed by the Michigan Department of Conservation. In addition the defendant moved for a preliminary injunction on its counterclaim.

The plaintiffs responded by appropriate pleadings, filing answer to the affirmative defenses, counterclaim and motion for preliminary injunction, and urged as an affirmative defense that the defendant had no interest in the property and was merely a trespasser and interloper.

Plaintiffs also filed an amended complaint challenging the defendant's interest.

The defendant answered the amended complaint and moved to add necessary defendants as class representatives. Plaintiffs filed answer to this motion, pleading noncompliance with GCR 1963, 208 as an element of affirmative defense to the motion.

The court heard argument on the motion to add necessary defendants as class representatives and granted it subject to notice to the proposed class members and the filing of verified affidavits indicating their awareness of the action and their con-

sent to the joinder of the individual defendants Hargraves, Davis and Lawton as necessary defendants as class representatives on their behalf.

Thereafter upon the filing of such affidavits and oral argument, the court found that the issues of the suit were of common and general interest among all subdivision property owners, that the property owners would probably all be bound by the actions taken and judgment entered in the cause, that it is impractical to bring all of said association members before the court as individual parties, and that the property rights and interests of each and every property owner in the subdivision were involved in the adjudication of these matters, and ordered the joinder of the individual defendants as class representatives on behalf of themselves and all other members of defendant association.

The matter came to trial in November 1967 and testimony was heard, among other things, on the effect of the proposed bridge construction on the navigation of the new channel, the effect of wild life in the area, and on restriction of plaintiff Musser's view. In addition the court viewed the premises.

The court also considered the plaintiff's contention that the easement crosses over the "Park" land and hence this court's ruling in *Delaney* v. *Pond* (1957), 350 Mich 685 precluded the proposed construction. In that case we held that this easement was for access to the waters only.

At the conclusion of the trial after considering the briefs of counsel, the court ruled:

1. That this was a bona fide class action and the defendants represented at least 72% of the land interest holders in the subdivision with their consent.

2. That the easement does not cross over the Park and hence the holding in *Delaney* v. *Pond,* *supra,* has no application to this case.

3. That the proposed bridge would not impair the plaintiff Musser's view or in any way hinder the continued use and enjoyment of plaintiffs' property.

He thereupon permanently enjoined the plaintiffs from further interference with the proposed construction of the bridge and development of Outlot "A".

The Court of Appeals affirmed his decision and we granted leave to speak to an issue which in light of a burgeoning practice of "dedicating" land in subdivisions to "common use and enjoyment," strikes us as of growing interest to our jurisprudence.

The one issue raised on appeal which merits discussion is the assertion that permitting one or more of the common interest holders in the "Park" to construct the proposed bridge infringes on the rights of other interest holders in the "Park".

In order to assay the plaintiffs' arguments it is first necessary to consider the nature of the interest held.

The plaintiffs assert that the easement granted by the dedication crosses the "Park" and cannot be burdened by the permanent installation of a bridge, for the easement is only for access to the water. (*Delaney* v. *Pond, supra*)

Neither the language of the dedication "along the rear of lots 23 to 31, both inclusive" nor the drawing on the plat convinces us that the easement was intended to cross the "Park" and no reason for so holding appears. On the contrary we are convinced as the trial court was, that the "Park" runs to the water's edge, both from our examination of the plat and our construction of the words of dedication. For this reason we conclude that our holding in *Delaney* v. *Pond, supra,* has no application to this case.

The pertinent language of the conveyance whereby plaintiffs Musser acquired title to their lot 26 is:

" * * * convey and warrant to Marshall L. Musser and Phyllis I. Musser, his wife * * * Lot 26 of Loon Lake Shores, * * * .

Also an undivided 1/43 interest in land described as Park and Outlot A * * * all to be used and enjoyed in common with other lot owners."

We regard this as the conveyance of an undivided 1/43 interest in the fee and conclude that all of the subdivision owners are tenants in common with each interest holding an easement over every other interest "for the common use and enjoyment" of all lot owners. See *Cram* v. *Ward* (1904), 137 Mich 423.

To what use then may the "Park" be put by any one or more of the owners?

We hold that it may be put to any proper use which does not interfere with any proper use by another owner.

We are satisfied that the trial court did not err in holding the proposed bridge such a use. There was no showing that the proposed use would interfere in any way with the plaintiffs' use, and his conclusion that such use was consonant with the general scheme of the subdivider and the desires of most of the lot owners seems entirely reasonable on this record.

The expressed fear of the plaintiffs that they may be exposed to tort liability for negligent construction or maintenance of the structure is not well founded. It is a general principle of tort law that a person is liable only as he participates in an activity giving rise to a tort. Mere co-ownership of land standing alone will not subject a person to liability for torts committed in the land by the other co-owners.

Affirmed. Costs to appellees.

T. M. Kavanagh, C. J., and Black, Adams and T. E. Brennan, JJ., concurred with T. G. Kavanagh, J.

Swainson and Williams, JJ., did not sit in this case.