HENKLE *v.* GOLDENSON.

1. EASEMENTS—UNREASONABLE INCREASE OF BURDEN.
   Application of rule against unreasonable and unlawful increase of burden upon servient estate is largely question of fact.

2. SAME—INCREASE IN NUMBER OF PERSONS USING EASEMENT.
   Generally, mere increase in number of persons using unlimited right of way to which land is subject is not unlawful additional burden upon servient estate, although in some cases increase may be such in fact as to amount to unreasonable burden.

3. SAME.
   Grantee of land with right of way who subdivided and sold to five persons did not thereby create unlawful additional burden upon servient estate.

Appeal from Berrien; White (Charles E.), J. Submitted April 6, 1933. (Docket No. 38, Calendar No. 37,084.) Decided May 16, 1933.

Bill by Orvis T. Henkle and another against Eugene Goldenson and others to restrain use of a private road. Cross-bills by defendants to quiet title to the easement. Decree for defendants. Plaintiffs appeal. Affirmed.

*Gore & Harvey* (*Cattell & Waldron* and *George W. Dammann,* of counsel), for plaintiffs.

*Stratton & Evans,* for defendant Goldenson and others.

*F. L. Hammond,* for defendant Hurst.

CLARK, J. The bill was filed to restrain defendants, except Harriet Hurst, from using a private road running from Lake Shore drive to Lake Michigan and being in Chikaming township, Berrien county. The parties took through common grantor.

Plaintiffs own land on each side of the private road, in conveyance of which land is the following grant:

"Also the right to use in common with the first party and other land owners for roadway purposes that certain parcel of land described as follows."

In the deed to defendant Harriet Hurst of a lot east of plaintiff's properties, and facing westerly on Lake Shore drive, is like conveyance of right to use the private road. Further statement is taken from opinion of the trial judge:

"Harriet Hurst sold and conveyed to defendants Jacob Distenfeld, Joseph Malkin, Joseph H. Hornstein, T. J. Sokol, and David S. Schaffner, the northerly one-half of said lot 13. In this conveyance the grantors conveyed to the grantees the same right to use the private road, which had been granted to her in the deed from Mrs. Aylesworth. Subsequent to receiving this deed these five grantees have entered into a certain trust agreement with various other parties, by which it is declared that said grantees are holding said property in trust for various parties mentioned therein, and others who might thereafter acquire a similar interest.

"The plaintiffs herein have made valuable improvements upon their property, and use and occupy the same as a summer home.

"The question to be determined in this suit is what rights, if any, these defendants have acquired to use said private road as an easement appurtenant to that portion of lot 13 which they now own.

"It is the claim of the plaintiffs that the easement was originally granted to lot 13, and that the owner, or owners, of lot 13 cannot cut up and subdivide lot 13, and thereby convey to various persons smaller parcels of said lot, and the owners of each smaller parcel have the right to use said private road under the original grant thereof. It is the claim of the plaintiffs that this cutting up of lot 13 into smaller parcels would cast an additional burden upon the private road, not contemplated by the original grantor thereof, and that consequently the five defendants who acquired title to the northerly half of lot 13 acquired from their grantor no right to use said private road.

"On the other hand, it is the claim of the defendants that the grant to use this private road in the deed from Mrs. Aylesworth to Harriet Hurst applies to each and every part of lot 13, and that the owner of lot 13 had a right to cut it up into smaller parcels, and convey the same to various parties, and that she might convey the same to various parties, and that she might convey to each of her grantees the right to use said private road."

The decree recognizes the right of private easement of defendant grantees in fee of Harriet Hurst and enjoins them:

"And their respective attorneys, agents, representatives and employees  *  *  *  from asserting, under said trust agreement and under said agreement only:  *  *  *  any right, title, or interest in and to any of the premises of plaintiffs  *  *  *  referred to as the 'roadway strip.' "

Plaintiffs have appealed.

On the question stated by the trial court and above quoted, it is obvious that Harriet Hurst might convey a part of her lot with appurtenant right of

easement. In this case, as it is presented here, she conveyed to five grantees. Is this an unlawful additional burden imposed on the land of the servient estate?

The application of the rule against unreasonable and unlawful increase of burden upon the servient estate is largely a question of fact. 9 R. C. L. p. 790; *Harvey* v. *Crane,* 85 Mich. 316 (12 L. R. A. 601). Generally, a mere increase in the number of persons using an unlimited right of way to which the land is subject is not an unlawful additional burden. 9 R. C. L. p. 791; note 95 Am. St. Rep. 326. But it is recognized that in some cases the increase may be such in fact as to amount to an unreasonable burden. The trial court here held that the grant to five persons in fee did not in fact create an unlawful additional burden. In this he is clearly right. The case of *Bang* v. *Forman,* 244 Mich. 571, is not authority for the extreme position of plaintiffs. In that case, in addition to easement, there was also a building restriction. No other matter demands discussion.

Affirmed.

McDONALD, C. J., and POTTER, SHARPE, NORTH, FEAD, WIEST, and BUTZEL, JJ., concurred.