FISCHER v. WING.

EASEMENT—USE OF BEACH FOR BATHING PURPOSES—AUTOMOBILES.
Under decree in former suit between owners of lots in resort plat
to which parties hereto were also parties, provision setting
aside portion of beach owned by plaintiff for use for bathing
and other recreational purposes by residents of the plat and
their guests did not authorize a plaintiff in former suit, de-
fendant herein, to construct a turn-around, driveway or parking
place for automobiles thereupon as reasonably necessary to
permitted use of beach by defendant and other residents and
their guests.       ⁻

BUSHNELL, C. J., and WIEST, J., dissenting.

Appeal from Emmet; Sprague (Victor D.), J.
Submitted October 5, 1939. (Docket No. 52, Calen-
dar No. 40,517.) Decided April 1, 1940.

Bill by Albert C. Fischer against John E. Wing
to restrain the use of a beach as a driveway and
turn-around and for other relief. From decree ren-
dered, defendant appeals. Affirmed.

*Clyde Comstock* (*B. H. Halstead,* of counsel), for
plaintiff.

*Pailthorp & Pailthorp* (*S. D. L. Jackson,* of coun-
sel), for defendant.

POTTER, J. Plaintiff, owner of a part of outlot 6
of the plat of Roaring Brook resort, Emmet county,
filed his bill of complaint against defendant to re-
strain him from using any portion of the beach of
outlot 6 as a turn-around, driveway, or parking place

for automobiles or other vehicles; from advising other residents of the Roaring Brook resort plat to do so; from removing or causing to be removed barriers placed thereon in such a manner as to allow free passage for bathing and other recreational purposes but to prevent the driving of cars thereon; and from placing or causing to be placed on the beach, gravel or clay or other materials designed to make the beach usable for vehicles; and for other relief. Defendant moved to dismiss plaintiff's bill of complaint upon the ground it did not state a cause of action; that the matters complained of had been formerly adjudicated; misjoinder of parties; that plaintiff had a complete remedy in proceedings based upon a decree rendered in the case of May Eldridge, et al., plaintiffs, v. Albert C. Fischer, defendant; and that plaintiff was attempting to have the court construe its decree in another cause between different parties without making them parties to the proceeding. The trial court overruled this motion, and defendant answered. Plaintiff replied to this answer. The cause was at issue, testimony was taken, and a decree entered for plaintiff, finding plaintiff was the owner of the property, that defendant did not have a right to construct an automobile right of way and turn-around on the beach, that plaintiff had a right to erect barriers to prevent the use of the beach for the purpose of an automobile turn-around, restraining defendant from interfering with the exercise by plaintiff of the right specified in the decree and from removing any obstructions placed along the line separating the remainder of the beach from the property covered by the easement as specified in a prior decree to which both plaintiff and defendant were parties. Defendant appeals, claiming substantially that the decree is

contrary to the preponderance of the evidence, in violation of law and equity, and that the use of the beach specified in the former decree for bathing and other recreational purposes carried with it by implication, construction or otherwise the right to use any portion of the lands covered by the easement as a place for turning vehicles around; that such right to construct and use a turn-around for automobiles and other vehicles was a necessary incident to the maintenance, improvement and use of the easement; and that the court erred in holding otherwise.

In 1935, suit was brought by various owners of property in the plat of Roaring Brook resort against plaintiff. That case was tried and a decree entered providing:

"That the portion of the beach on the shores of Little Traverse Bay adjoining the east side of the dock as now located at the foot of Sylvan avenue, and described as commencing at the intersection of the south line of the concrete walk located along the front of outlot 6 of Roaring Brook resort and the east line of said dock extended, thence extending southerly to the intersection of the east side of said dock with the water's edge, thence easterly along the water's edge to a point which is 150 feet east of the east side of said dock measured at right angles thereto, thence northerly parallel with said dock line to the south line of said concrete walk and thence westerly along the south line of such concrete walk to the place of beginning, shall be set aside for use exclusively for bathing and other recreational purposes, and that the plaintiffs, their heirs and assigns and their guests, together with other residents of the plat and their guests, including this defendant, his heirs and assigns, his or their guests, so long as he or they are residents on the plat, shall have the right under this decree to the exclusive and unobstructed

use of said portion of the beach for said purposes, together with the right in the plaintiffs their heirs and assigns to maintain and improve the same, but not to erect any structures thereon."

There is no serious dispute about the facts. We think the trial court was right in holding that under the terms of the former decree, to which both plaintiff and defendant were parties, the right to construct an automobile right of way and turn-around on the beach was not a reasonably necessary incident to the enjoyment of the easement of bathing and other recreational purposes as established by the former decree, and that the language of the former decree neither expressly nor impliedly, by construction or otherwise, carried with it the right upon the part of defendant to use any portion of the beach as a place for parking, driving or turning around automobiles or other vehicles, and that the provisions of the decree of the trial court as to the erection and maintenance of barriers to prevent encroachments upon the property of plaintiff were proper and warranted by the facts.

Decree of the trial court affirmed, with costs.

SHARPE, CHANDLER, NORTH, McALLISTER, and BUTZEL, JJ., concurred with POTTER, J.

WIEST, J. (*dissenting*). I am of the opinion that defendant is entitled to the unobstructed use of Sylvan avenue to the dock, to the full width dedicated in the plat of 1902, and plaintiff should be required to remove all obstructions placed thereon by him.

If Sylvan avenue to the dock is free from the obstructions placed there by plaintiff then the avenue will again serve the dedicated purpose and former use and enable automobiles to turn around thereon at the dock.

Defendant's rights were vested by the express terms of the plat recorded in 1902, and plaintiff has not, by subsequent purchase or otherwise, acquired right of divestiture or limitation of such rights of defendant.

The decree should be reversed, and a decree should be entered in this court in accord with this opinion. Defendant should recover costs.

BUSHNELL, C. J., concurred with WIEST, J.