TURNER SUBDIVISION PROPERTY OWNERS ASSOCIATION *v.* SCHNEIDER.

1. NAVIGABLE WATERS—RIPARIAN RIGHTS—CONTACT WITH WATER.
   Basis of riparian doctrine, and an indispensable requisite to it, is actual contact of land with water; hence, whoever owns property in actual contact with the water is considered the true riparian owner.

2. SAME—RIPARIAN RIGHTS ACCORDED LOTS NOT IN CONTACT WITH WATER.
   Riparian rights accorded lot owners separated from the beach by intervening lots, can be given no greater meaning than right of access to the beach and enjoyment thereof for the purpose of recreation, such separated owners having but an easement appurtenant, not ownership.

Appeal from Berrien; Zick (Karl F.), J. Submitted Division 3 June 1, 1966, at Grand Rapids. (Docket No. 986.) Decided September 27, 1966.

REFERENCES FOR POINTS IN HEADNOTES

[1] 56 Am Jur, Waters § 277.
[2] 56 Am Jur, Waters §§ 242, 277.

Complaint by Turner Subdivision Property Owners Association, a Michigan corporation, for an injunction to restrain William A. Schneider and Dorothy Schneider from interfering with its use of a lake front lot for recreational purposes. Judgment for plaintiff. Defendant appeals. Affirmed.

*Taylor & Taylor (Russell J. Taylor,* of counsel), for plaintiff.

*Theron D. Childs, Jr.,* for defendants.

HOFFIUS, J. Plaintiff corporation seeks a permanent injunction to restrain defendants from interfering with the plaintiff's use of lot 49 of Supervisor's Plat of Turner Subdivision in Berrien county.

Plaintiff is the owner of lot 49 on the beach of Lake Michigan, and its members use this lot for bathing, boating, and other recreational purposes.

Defendants are the owners of the north 75 feet of lot 51 of the same subdivision. This lot is on a bluff adjacent to and easterly of lot 49.

Both lots were formerly owned by Thomas P. Turner who acquired title in 1877. The metes-and-bounds description of his deed ran to the "lake shore at high water," and thence "along lake shore at high water." Plaintiff's title is described only as "lot 49" of the subdivision. Earlier conveyances in plaintiff's chain of title, however, use the same language describing the lake shore boundary as contained in the Turner deed.

Defendants' premises are described by metes and bounds "to the bank of Lake Michigan, thence * * * along bank of Lake Michigan * * * with all riparian rights pertaining thereto." Defendants contend that they are the sole and exclusive owners of a 75-foot strip of land extending their side lot lines across lot 49 to the water's edge. In the alter-

native they claim an exclusive easement over this strip. These claims are based upon the grant of riparian rights contained in their deed and their predecessors' deeds since 1912.

Plaintiff claims that it is the owner of the property in dispute subject to defendants' right to use said strip of land for beach purposes.

The exact wording of the language in defendants' deed has been ruled upon by the Supreme Court in *Schofield* v. *Dingman* (1933), 261 Mich 611. That case involved property in this same subdivision prior to platting. Schofield was in exactly the same factual situation as defendants in the instant case. The premises owned by Schofield extended "to the bank of Lake Michigan" and with "riparian rights." The Supreme Court in determining what rights the lot owner had said at p. 613:

" 'Riparian rights,' accorded lot owners separated from the beach by intervening lots, can be given no greater meaning than right of access to the beach and enjoyment thereof for the purposes of recreation. This the decree granted, and was what Mr. Turner clearly intended by the misnomer 'riparian rights.' The owners of lots abutting the edge of the bluff were accorded some additional rights by the decree, short, however, of title to land not conveyed to them. Other deeds were of specific quantities of land ending at the bluff, and the term 'riparian rights' in such conveyances of land, short of reaching the meander line, must be held to have vested only a permanent easement, suitable to enjoyment of direct access to the lake and use of methods and means adapted to such end. The decree gave an 'easement appurtenant' to plaintiffs Wallace, Schofield, Lynch, and Davidson, owners of lots abutting the bluff."

An examination of defendants' chain of title makes it clear that defendants' premises ran on a metes-

and-bounds description "to the bank of Lake Michigan" and not "to the lake shore at high water" or any other point on the water's edge. The surveys introduced as exhibits clearly indicate that the water is and was a substantial distance from the bluff or bank upon which defendants' home is located. Whoever owns property in actual contact with the water is considered the true riparian owner because the "basis of the riparian doctrine, and an indispensable requisite to it, is actual contact of the land with the water." *Hilt* v. *Weber* (1930), 252 Mich 198, 218 (71 ALR 1238). Defendants, therefore, cannot be considered riparian owners. The words "riparian rights" in this case must mean nothing more than an "easement appurtenant" for the right of enjoyment of beach uses upon the land below the bluff.

Counsel for defendants urges that the finding in *Schofield* is contrary to the landmark case of *Hilt* v. *Weber, supra. Hilt* changed the rule in Michigan from that formerly established in *Kavanaugh* v. *Rabior* (1923), 222 Mich 68, which held that a riparian owner owned only to the meander line and that all accreted land between the meander line and the water's edge is held in trust by the State for use of its citizens. *Hilt* established that a riparian owner owns land between the meander line and the water.

The *Hilt* principle has no application to a situation where land is separated from Lake Michigan by an intervening beach lot. *Schofield* v. *Dingman, supra,* more than 30 years ago, explained the property owner's rights in such a case when riparian rights are included in the instrument of conveyance. We see no reason to deviate therefrom.

Judgment affirmed. Costs to plaintiff.

HOLBROOK, P. J., and BURNS, J., concurred.