CABAL v KENT COUNTY ROAD COMMISSION

1. Easements—Easements by Prescription—Testimony—Use of Land by Claimants—Permissive Uses.

Prescriptive rights cannot be found in adjoining lot owners based on their use of a lakefront strip owned by other parties where there is no testimony in the record concerning any use of the land in question by a number of the adjoining lot owners and where various other adjoining lot owners admitted to a permissive use of the strip or to some recognition of the owners' sovereignty over the property.

2. Waters and Water Courses—Lakeside Land—Littoral Rights.

Lot owners have no littoral rights in a lakeside strip where their property is separated from the edge of a lake by a strip of land owned by other lot owners.

3. Quieting Title—Equity—De Novo Review.

An action to quiet title is equitable in nature; therefore, the Court of Appeals is charged with giving *de novo* review of a lower court's decision in such an action and the Court should overrule or amend a trial court's judgment when convinced that it would have reached a different result had it been in the lower court's position.

Appeal from Kent, John T. Letts, J. Submitted October 7, 1976, at Grand Rapids. (Docket No. 24426.) Decided December 2, 1976.

Complaint by James A. Cabal, Sr., and his wife Ruby Cabal against the Kent County Road Commission and adjoining lot owners in Crooked Lake Park Plat seeking to permanently enjoin the de-

References for Points in Headnotes

[1] 25 Am Jur 2d, Easements and Licenses §§ 17, 39–43, 49, 50, 59.

[2] 78 Am Jur 2d, Waters §§ 264, 275.

[3] 4 Am Jur 2d, Appeal and Error §§ 145, 703.

65 Am Jur 2d, Quieting Title § 1.

fendants from using a strip of lakefront property in which the plaintiffs have a land contract vendees' interest. Judgment for defendants. Plaintiffs appeal. Affirmed in part and reversed in part.

*Robert L. Lalley, Jr.,* for plaintiffs.

*Cholette, Perkins & Buchanan (Edward D. Wells,* of counsel), for defendant Kent County Road Commission.

*Renihan & Rigas,* for defendant lot owners.

Before: R. B. BURNS, P. J., and D. E. HOLBROOK and T. M. BURNS, JJ.

R. B. BURNS, P. J. This case involves a dispute over property rights to a parcel of land adjoining Crooked Lake in Grattan Township, Kent County, Michigan.

Crooked Lake Drive, a gravel road, roughly parallels the irregular coastline of the lake in the area in question. Plaintiffs and the various defendants are owners of the 35 lots in Crooked Lake Park Plat fronting on the road. The property in dispute is that strip on the other side of the road leading down to the lake's edge. This strip tapers from roughly 70 feet to 20 feet in width in front of defendants' respective lots. For a defendant to obtain direct access to the lake he/she must cross the road and traverse this relatively narrow strip of grassland in front of his/her lot.

Plaintiffs are assignees of a land contract to purchase lots 9 through 12 of the plat and the disputed strip. The area of the strip across from plaintiffs' lots contains a pavilion which they have operated commercially as a bathing, picnicking, and boat-launching facility. The testimony of the

parties at trial indicated that the pavilion has historically been the only improved area of the strip, and the only place thereon with a serviceable bathing beach.

The dispute has arisen over what appears from the testimony to be the greatly increasing use of the strip over the years by defendants. Numerous defendants have filled in the water's edge with sand and have systematically maintained "their" sections of the strip by cutting the grass and by keeping the area clean. Numerous boat docks have been constructed. Many of the defendants are storing pontoon boats and parking their automobiles on the strip. Plaintiffs testified that their requests to defendants to desist from such behavior have frequently been met with hostility and profanity. Conversely, a number of the defendants testified that plaintiffs had said nothing whatsoever to them concerning usage of the strip.

The opinion of the trial judge was that "all of the owners of lots on Crooked Lake Park Plat have been properly exercising their ownership rights since 1922, and that such exercise may continue in the indefinite future as lawful appurtenances to the ownership of lots in the plat". Further, that plaintiffs "cannot now claim exclusive rights [in the strip]", and that defendants may henceforward use the area for "storage of not more than two boats per lot * * * temporary parking of motor vehicles, and use in connection with bathing, fishing and picnicking". Plaintiffs have appealed.

The trial judge's opinion obliquely alludes to three theories possibly supportive of defendants' position: express conveyance of easement, prescriptive rights through adverse use or possession, and littoral (riparian) rights. We find it apparent that the latter two of these theories are unfounded on the facts of this case.

It is unclear from the trial judge's opinion whether or not the "since 1922" language refers to an express grant or contemplates prescriptive rights. In any case, defendants admit in their brief that they are not asserting a title interest through adverse possession, and a careful review of the testimony indicates a dearth of competent evidence to establish an easement by prescription. There is no testimony at all in the record concerning any use of the strip by a number of the defendants, and various other defendants admitted to a permissive use or to some recognition of plaintiffs' sovereignty over the property. No more than three of the defendants appear to have any arguable case for a prescriptive easement, and two of these have largely limited their use to access to their respective docks. We cannot find prescriptive rights in defendants.

Similarly, the language of the trial judge's opinion cannot reasonably be read to state unequivocally that defendants have the rights of littoral owners. It appears evident despite disputed testimony that the strip now contains mostly fast land over the length of the frontage of defendants' lots; many defendants are, after all, parking cars on the strip. On the authority of *Fuller v Bilz,* 161 Mich 589; 126 NW 712 (1910), and *Turner Subdivision Property Owners Association v Schneider,* 4 Mich App 388; 144 NW2d 848 (1966), we find that defendants have no littoral rights that could in any way effect plaintiffs' property.

The third theory of defendants' right of use of the strip, an express grant of easement, is sound. The recorded deed from the original platters of the property to their successors conveys a general easement right to the grantees "to cross said last described land in going to and from said Crooked

Lake". Plaintiffs have conceded in their brief that this reservation grants defendants "the undisputed right to enjoy fishing, swimming, and boating in Crooked Lake", but that "does not give the defendants a license to use the plaintiffs' land as they wish". In large measure, we agree.

This quiet title action, for injunctive relief, is equitable in nature and we are charged to review the decision *de novo. Dozier v Automobile Club of Michigan,* 69 Mich App 114, 123; 244 NW2d 376 (1976). Our responsibility is to consider the equities and realities of the situation presented in order to reach the most reasonable result. This Court will overrule or amend a trial court's judgment when "convinced it would have reached a different result had it been in the lower court's position". *Gamble v Hannigan,* 38 Mich App 500, 504; 196 NW2d 807, 809 (1972).

We cannot quarrel with the trial judge's decision that the right of defendants to maintain docks is reasonably appurtenant to their easement to enjoy boating in the lake. Similarly, and depending partially on various documents of conveyance relating to certain specific lots, we think it reasonably appurtenant to the easement to allow defendants the right to float no more than two boats per lot at the dock.

We agree, however, with plaintiff that defendants should not be allowed to overburden the servient tenement by trespassing indiscriminately thereupon. We agree that the case of *Fischer v Wing,* 293 Mich 61; 291 NW 222 (1940), provides persuasive authority to restrain defendants from parking their cars on the strip, and that *Delaney v Pond,* 350 Mich 685; 86 NW2d 816 (1957), proscribes defendants from sunbathing (or picnicking) or storing their boats or other property on the

strip. We would have reached this result had we been "in the lower court's position", and we hereby amend that opinion to so conform.

We affirm the trial court's opinion that there is no liability as to the Kent County Road Commission.

Affirmed in part, reversed in part. No costs, neither party prevailing in full.