WALKER v BENNETT

Docket No. 53967. Submitted June 3, 1981, at Grand Rapids.—Decided November 2, 1981.

Donald S. Walker and Joyce L. Walker purchased a large outlot which was a portion of a supervisor's plat of a subdivision. The Walkers, in turn, obtained a court order which removed the lot from the plat. They then replatted the lot into several smaller parcels. The Walkers' plat provided no interior roads, and buyers of their lots were obliged to use the private drive of the original plat for ingress and egress. The owners of the lots in the original plat objected to the use of the road by the purchasers of the Walkers' lots. The Walkers brought an action against Myrna Bennett and the other original owners to restrain them from interfering with the use of the drives and walkways and the owners brought a cross-complaint seeking to halt the use by the new purchasers. The Gladwin Circuit Court, Robert H. Campbell, J., issued an injunction in favor of the plaintiffs, finding that the Walkers and their grantees had vested rights in the use of the drives and walkways of the original plat. The defendants, the owners of lots in the original plat, appeal, alleging that the removal of the outlot from the plat divested the Walkers of their right to use the drives and walks in the original plat and that the trial court erred by not ruling on the issue of the increased burden placed on the defendants by the increase in traffic resulting from the Walkers' development. *Held:*

1. The original platting of the land granted to the owners, including the Walkers and their grantees, an appurtenant easement of right of way which was not destroyed when the outlot was severed from the plat and replatted. The trial court properly ruled that the plaintiffs had vested rights in the use of the drives and walkways.

2. Whether the division of the Walkers' property creates an

REFERENCES FOR POINTS IN HEADNOTES

[1] 66 Am Jur 2d, Records and Recording Laws § 126.

[2, 3] 25 Am Jur 2d, Easements and Licenses § 96.

Right of owners of parcels into which dominant tenement is or will be divided to use right of way. 10 ALR3d 960.

additional burden upon the other owners such that it should be restrained is a question of fact which has not been addressed. The record is not comprehensive enough to allow the Court of Appeals to render a decision based upon *de novo* review.

The injunction is vacated and the case is remanded for a new trial.

1. VENDOR AND PURCHASER — PLATTED LANDS — INTERESTS IN LAND.
A purchaser of platted lands, when the plat is recorded, receives not only the interest described in the deed but also whatever rights are indicated in the plat of the land.

2. EASEMENTS — DIVISION OF DOMINANT ESTATE — RIGHT OF WAY.
Generally, where a dominant estate is divided an appurtenant right of way is not destroyed and any owner or assignee may claim the easement so far as it is applicable to his parcel provided that such division can be accomplished without placing an additional burden on the servient tenant.

3. EASEMENTS — DIVISION OF DOMINANT ESTATE.
An additional burden placed on a servient estate by the division of the dominant estate may be restrained.

*Jennings, Turkelson & Van Oosten, P.C.,* for plaintiffs.

*Schneider, Handlon & Gerish,* for defendants.

Before: R. B. BURNS, P.J., and ALLEN and T. GILLESPIE,* JJ.

T. GILLESPIE, J. This case results from the natural conflict between established lot owners opposing developers and developments in resort areas, particularly on the shores of our lakes and streams. Many such cases have reached our appellate courts.

Arnold's Mud Lake Subdivision is located on Mud Lake in Clements Township, Gladwin County. It was platted as a supervisor's plat in November 1956.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

The plat consisted of 21 lots. Fifteen of these lots are on the east shore of Mud Lake. Abutting and to the east of these 15 lots is a private drive known as Marshall Drive. To the east of Marshall Drive, and abutting it, was a large outlot, numbered 21, which was 8.8 acres in size and contained all the land not designated as residence lots, except 5.

In September 1963, the Arnolds, who had originally owned all of the land, sold lot 21 to the plaintiffs, Donald S. Walker and Joyce Walker. In March 1969 the Walkers obtained a circuit court order which altered the plat by removing lot 21 from it. In November 1969 the Walkers replatted lot 21 into 15 lots known as Walker's Subdivision. Walker's plat provided for no interior roadways so that some of the lots look to Marshall Drive for ingress and egress, though the subdivision has a county road, Elk Lake Road, on its eastern perimeter.

When the Walkers began selling lots, the owners in Arnold's Subdivision objected to purchasers in Walker's Subdivision using Marshall Drive for ingress and egress. They contend that by vacating and removing lot 21 from the subdivision and providing no ingress and egress to Elk Lake Road the Walkers abandoned any rights to the use of Marshall Drive that they and their grantees may have had and that the additional development is placing an undue burden on Marshall Drive.

The Walkers brought a suit to restrain the owners in Arnold's Subdivision from interfering with the use of the drives and walkways and the owners brought a cross-complaint.

The matter was submitted to former Circuit Judge Robert H. Campbell by stipulation as to the facts. The owner-appellants did not raise in their

stipulation, or plead, the increased burden placed on the roadway by the addition of 15 lots. They did make this argument in the briefs filed and in oral argument to the court.

Judge Campbell, in a written opinion, found as a matter of law that plaintiffs and their grantees had vested rights in the use of the drives and walkways in Arnold's Subdivision. He did not rule on the increased burden placed on defendants as the issue was not raised in the pleadings.

The first issue raised on appeal is whether the vacation of a lot and removal of it from the plat by the Walkers deletes their right of use of walks and drives in the old plat.

The plaintiffs argued, and the court decided, that a supervisor's plat is only descriptive of possession and changes no rights.

We would point out that, at the time that Arnold's Mud Lake Subdivision was created in 1956, the Plat Act contained a section referring to assessor's and supervisor's plats which was MCL 560.56; MSA 26.486, which provided:

"Sec. 56. An assessor's plat, when recorded and filed as provided by this act, shall be treated in respect to the assessment, collection and return of taxes and the sale of lands for delinquent taxes, and for all other purposes, the same as if made by the proprietor."

This section was omitted in the 1968 amendment of the Plat Act.

We further point out that a purchaser of platted lands, when the plat is recorded, receives not only the interest described in the deed, but also whatever rights are indicated in the plat of the land. *Kirchen v Remenga,* 291 Mich 94; 288 NW 344 (1939), *Fry v Kaiser,* 60 Mich App 574; 232 NW2d 673 (1975).

No public rights are involved in this case as the roads and walkways were never dedicated to the public, but the platting of the land did grant to the owners, including the Walkers and their grantees, a private right which is an easement appurtenant which will not be lost unless abandoned. *Rindone v Corey Community Church,* 335 Mich 311; 55 NW2d 844 (1952), *Kirchen v Remenga, supra.*

It is the general rule that if a dominant estate is divided, an appurtenant right of way is not destroyed and that any owner or assignee may claim the easement so far as it is applicable to his parcel provided that such division can be accomplished without additional burden on the servient tenant. See Anno: *Right of owners of parcels into which dominant tenement is or will be divided to use right of way,* 10 ALR3d 960.

Michigan has consistently followed this rule. *Bang v Forman,* 244 Mich 571; 222 NW 96 (1928). See also *von Meding v Strahl,* 319 Mich 598; 30 NW2d 363 (1948), and *Henkle v Goldenson,* 263 Mich 140; 248 NW 574 (1933).

Of particular interest is *Carolina Land Co v Bland,* 265 SC 98; 217 SE2d 16 (1975). In that case the South Carolina Supreme Court faced a factual situation similar to that in this case. One part of a plat was vacated and replatted along with some other land. The court held that, even though there had been a cutting off and replatting of the dominant tenement, an appurtenant easement created on the original plat would not be destroyed.

The result of the trial court's decision as to the legal question was not error, but it did not go far enough.

It is also the law that if the division of the dominant estate creates an additional burden on the servient estate the additional burden may be

restrained. *Bang v Forman, supra, Henkle v Goldenson, supra.*

This controversy cannot be decided without determination of whether the addition of 15 new lots would be an unreasonable burden. This is a question of fact. *Westveer v Ainsworth,* 279 Mich 580; 273 NW 275 (1937). It is not an appropriate case for decision upon a stipulation of facts.

When equity cases are taken on appeal, the testimonial record must be comprehensive enough to permit decision *de novo* so that full relief may be granted. *Sternberg v Baxter,* 373 Mich 8, 18; 127 NW2d 872 (1964).

In the case of *Cabal v Kent County Road Comm,* 72 Mich App 532, 536; 250 NW2d 121 (1976), which was also a case of overburdening of the servient tenement on resort land, Judge R. B. BURNS stated:

"Our responsibility is to consider the equities and realities of the situation presented in order to reach the most reasonable result. This Court will overrule or amend a trial court's judgment when 'convinced it would have reached a different result had it been in the lower court's position'. *Gamble v Hannigan,* 38 Mich App 500, 504; 196 NW2d 807, 809 (1972)."

Remanded for new trial. The injunction is vacated. Costs to be awarded upon outcome of the new trial.