*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

GIUSEPPE CANDELA, also known as JOSEPH
CANDELA, and CONSTANCE CANDELA, also
known as CONNIE CANDELA,

        Plaintiffs-Appellants,

v

MARK K. WARREN, CRAIG MARTZ, LYNETTE
WARREN, THOMAS BIELICKI, KATHLEEN
BIELECKI, ROBERT CYNOWA, JR., RAYMOND
HALE, SHERRY BONCZAK, AUSTIN HOOK,
GEORGE MOORE, SHIRLEY MOORE, SCOTT
SCHARICH, CYLE CROOKEDACRE, DENNIS
SEVERN, RONALD METALSKI, THOMAS
TRACEY, DEBORA MOORE, CHRISTOPHER
WAN, ROXANNE WAN, LORRI WELTHER,
MARK WARREN, THEODORE EMPSON,
REBECCA EMPSON, ROBERT GIUNTA,
CATHRYN GIUNTA, THOMAS GOIKE,
CHARLENE GOIKE, DARLENE MCCURDY
TRUST, LAWRENCE K. DAENZER, ZORAN
BOGDANOVIC, KIM BOGDANOVIC, MARK
LARRY, PATRICIA LARRY, JOSEPH
WALDORF, BETTY SHAW, CLARENCE
SEVERN, JAMES SEVERN, EDWARD ELLIS,
PAUL LEE, GARY RHEIN, MERRY RHEIN,
GLORIA HARRIS, KENNETH LASHBROOK,
GLENN FRANCIS, DIANE FRANCIS, DIANE
PRICER, VERONICA SHANKS, GORDON
CROOKEDACRE, TAMMY CROOKEDACRE,
ELVINA ATWOOD, VALERIE RENEE
HAUXWELL, MICHAEL HILL, CASSANDRA
HILL, KEINKNECHT WILLETTS, MARY
MACKRIS, MARK BABICH, HER CHINOSKI,
JANICE CHINOSKI, JOY A. BUBLITZ, DERRICK
ZOCK, KYLIE KAY ZOCK, JAMES D. FISH

UNPUBLISHED
January 20, 2022

No. 355423
Lapeer Circuit Court
LC No. 19-052522-CH

-1-

TRUSTEE, JOANNA I. FISH TRUSTEE, THOMAS
RING, CHARLENE RICE LIVING TRUST,
BERNETTA WENDT, TIMOTHY L. JOHNSON,
ELVINA P. ATWOOD, BILLIE RUBY, YVONNE
D. FORD REVOCABLE TRUST, ELDON CARD,
YVONNE FORD, TIMOTHY YARCH, DONALD
H. STATES, TERESA A. STATES, BRONSON
HOLDING, LLC,

        Defendants-Appellees,

and

STEVEN SERES,

        Defendant.

---

Before:  GLEICHER, C.J., and BORRELLO and RONAYNE KRAUSE, JJ.

PER CURIAM.

Plaintiffs appeal as of right the trial court's order granting defendant Mark K. Warren's[1] motion for summary disposition and dismissing the case with prejudice.  For the reasons set forth in this opinion, we reverse and remand.

## I.  BACKGROUND

In this action, pursuant to their first amended complaint, plaintiffs seek a declaratory judgment "that Plaintiffs' interest as the owners of Lots 94, 95, and 96 of Supervisors Plat No. 2, located in the Township of Oregon, County of Lapeer, as recorded in Liber 1 of Plats, Page 70, Lapeer County Register of Deeds includes the non-exclusive use, in common with other Supervisors Plat No. 2 lot owners, of the area delineated as Gray Park on Supervisors Plat No. 2 as a park in accordance with historical and traditional park uses including access to Bronson Lake."

The plat at issue, titled Supervisors Plat No. 2, was recorded on March 23, 1942.  The plat includes an area designated "Gray Park."  Gray Park is bordered on the north side by Bronson Lake.  The east and west sides of Gray Park are bordered by lots not owned by plaintiffs.  Gray Park is bordered on the south side by a private road that runs east-west and that is designated on the plat as "Park Ave Private."  Additional lots not owned by plaintiff are located along the southern side of Park Ave.  Plaintiffs own lots 94, 95, and 96, which are adjacent to each other. The eastern side of each of these lots borders the western side of a road that runs north-south and that is labeled on the plat as "Private Drive."  This private drive intersects with Park Ave.

---

[1] Any individual defendant-appellee will be specifically named; otherwise, the word "defendants" refers to all defendants-appellees.   All claims against defendant Steven Seres were dismissed.

Plaintiffs' lots are located south of Park Drive, and none of plaintiffs' lots share any common border with Park Ave or Gray Park. To provide greater clarity, the relevant portion of the plat is reproduced below:



The plat includes a dedication that provides in relevant part as follows:

KNOW ALL MEN BY THESE PRESENTS, That I, Myron Babcock, Supervisor of Oregon Township of Lapeer County, State of Michigan, by virtue of authority in me vested by Section 51, Act 172, of 1929 . . . have caused the land described in the annexed plat to be surveyed, laid out and platted to be known as Supervisor's Plat No. 2 of W ½ of Section 23, T.8.N.R.9.E, Township of Oregon County of Lapeer, State of Michigan, *and that the streets and alleys as shown on said plat are now being used for such purposes.* [Emphasis added.]

Plaintiff Giuseppe Candela admitted in his deposition that he did not have any deeds for his property that specifically referenced a right to access the lake through Gray Park. The record contains a deed for plaintiffs' property that identifies the lots by reference to the Supervisor's Plat No. 2 described above. Giuseppe testified that he had owned his house on lots 94, 95, and 96 since 1972. He further testified that since the time he purchased the property, he had held a non-exclusive right to use Gray Park to access Bronson Lake and that he and his tenants had continuously accessed the lake through Gray Park since 1972.

According to Giuseppe, one of his neighbors told him at some point in 2018 that plaintiffs did not have lake access rights. Subsequently, plaintiffs listed their property for sale and advertised that the property had lake access, but plaintiffs took the property off the market after Warren contacted plaintiffs' realtor claiming that plaintiffs did not actually have the right to access the lake.

Plaintiffs initiated this action seeking a declaratory judgment that their ownership of lots 94, 95, and 96 included non-exclusive rights to use Park Ave, to use Gray Park, and to access Bronson Lake.[2]  Warren eventually moved the trial court for summary disposition under MCR 2.116(C)(10), and the trial court granted Warren's motion.  The trial court explained its decision in a written opinion:

> Defendant asserts that there is no genuine issue that the Plaintiffs do not have a legal right to access the lake.  The Plaintiffs acknowledge their deed does not on its face grant riparian rights or an easement for lake access.  However, their deed does reference the recorded plat, and the plat shows the location of Gray Park.  The Plaintiffs rely on the Michigan Supreme Court decision in *Kirchen v Remenga*[, 291 Mich 94; 288 NW 344 (1939),] to assert that the sale of lots with reference to a plat constitutes a dedication, as between the grantors and the purchasers from them, of the streets and parks delineated on the plat and conveys an [sic] non-exclusive easement in the streets, parks, and all public grounds mentioned and designated in the plat as an implied covenant, which passes to all subsequent purchasers.

> When interpreting deeds and plats, courts must give effect to the intent of the plattors as determined from the language they used and the surrounding circumstances . . . .  "Where the language of a legal instrument is plain and unambiguous, it is to be enforced as written and no further inquiry is permitted." *Little v Kin*, 468 Mich 699, 700; 664 NW2d 749 (2003).  In *Kirchen*, the Court was called on to determine the rights of lot owners under a plat that had been established in 1886.  In that plat, every lot was adjacent to an area designated for use as a park. [*Kirchen*, 291 Mich at 100.]  The Michigan Supreme Court held that the lot owners had the right to enforce the dedication of land for use as a park.  In reaching its decision, the Court cited the United States Supreme Court decision in *United States v Illinois Central Railroad Company*[, 154 US 225, 238-239; 14 S Ct 1015; 38 L Ed 971 (1894),] for the proposition that the parties entitled to enforce a dedication of land are those named in the dedication and the owners of lots abutting the dedicated lands.  The owners of abutting lots may be presumed to have purchased in reliance on the enhanced value the dedication brings to their property. [*Kirchen*, 291 Mich at 106-107.]  This is an example of a court using surrounding circumstances to give effect to the plattors' intent.

> The Plaintiffs in the case at bar do not own land adjacent to Gray Park.  Their position is more akin to that of the back lot owners in the case of *Summers v Harbor Hills Association*[, 351 Mich 195; 88 NW2d 478 (1958)].  In that case, 140 acres of land were subdivided and sold by a common grantor.  An assessor's plat of the lots fronting on Cass Lake was recorded, and the grantor sold and conveyed lots according to the assessor's plat.  [*Id*. at 197.]  The assessor's plat designated a

---

[2] Plaintiffs originally raised other additional claims, but those additional claims have since been dismissed and are not before this Court on appeal.

two-acre community area surrounding an inlet with access to the lake, which was described as "Part of outlot 'A' (Community lot for use of lot owners and plat proprietors only) Proposed Boat Basin," Additionally, there was recorded a uniform plan of restrictions stating, "outlot 'A' may be used as boat basin and approach to the lake exclusively by property owners in this subdivision." [*Id.* at 198-199.] The Michigan Supreme Court interpreted the phrase "in this subdivision" as meaning the whole 140 acres rather than exclusively the lakefront lots in the assessor's plat.

In the immediate case, there is no language in the Supervisors Plat or any other legal instrument that could be interpreted as dedicating Gray Park for the use of the owners of lots 94, 95, and 96. The plat dedication only mentions the use of the streets and alleys shown on the plat map. Therefore, the only right accruing to lots 94, 95, and 96 from the recorded plat are the right to use the private drive for ingress and egress to access the property from the public streets. See *2000 Baum Family Trust v Babel*, 488 Mich 136, 152, 157; 793 NW2d 633 (2010).

The trial court also denied plaintiffs' motion for reconsideration, and plaintiffs now appeal.

## II. STANDARD OF REVIEW

This Court reviews de novo a trial court's summary disposition ruling, including such rulings in actions for declaratory judgment. *Maiden v Rozwood*, 461 Mich 109, 118; 597 NW2d 817 (1999); *Lansing Sch Ed Ass'n v Lansing Bd of Ed (On Remand)*, 293 Mich App 506, 512-513; 810 NW2d 95 (2011). Under MCR 2.116(C)(10), a court considers "affidavits, pleadings, depositions, admissions, and other evidence submitted by the parties, in the light most favorable to the party opposing the motion," and the moving party is entitled to judgment as a matter of law if there is no genuine issue of material fact. *Maiden*, 461 Mich at 120 (citation omitted). "A genuine issue of material fact exists when the record, giving the benefit of reasonable doubt to the opposing party, leaves open an issue upon which reasonable minds might differ." *West v Gen Motors Corp*, 469 Mich 177, 183; 665 NW2d 468 (2003).

## III. ANALYSIS

Plaintiffs argue on appeal that the trial court erred by determining that plaintiffs did not have a right to use Gray Park. Plaintiffs maintain that all owners of lots within the plat have a non-exclusive right to use Gray Park and access Bronson Lake because the park is designated on the plat as a park, lots in the plat were conveyed to subsequent purchasers, and there is no indication on the plat that use of the park was limited only to owners of lots adjacent to Gray Park or Park Ave.

"When a person purchases property that is recorded in a plat, the purchaser receives both the interest described in the deed and the rights indicated in the plat." *Morse v Colitti*, 317 Mich App 526, 534; 896 NW2d 15 (2016). There is no dispute in this case that plaintiffs have not produced a deed specifically indicating that they have a right to use Gray Park. There also is no dispute that Giuseppe purchased the lots at issue, which are depicted in the plat, in 1972. Thus,

the issue becomes determining what rights the plat provides for the lots depicted in the plat with respect to the use of Gray Park.

When interpreting a plat, we must give effect to the plattor's intent. *Id.* "The intent of the plattors must be determined from the language they used and the surrounding circumstances." *Thies v Howland*, 424 Mich 282, 293; 380 NW2d 463 (1985). "When the language of a legal instrument is plain and unambiguous, it is to be enforced as written, and no further inquiry is permitted." *Morse*, 317 Mich App at 534.

In the instant case, the plat expressly designates a specific area as "Gray Park," but the dedication language only references streets and alleys shown on the plat without making any reference to designated parks. The plat is silent about the intended dedication or use of the park.

Our Supreme Court has held that "it is also the rule in this and other states that the platting and sale of lots constitute a dedication of streets, etc., delineated on the plat as between the grantors and the purchasers from them." *Kirchen v Remenga*, 291 Mich 94, 104; 288 NW 344 (1939) (quotation marks and citation omitted). The Supreme Court in *Kirchen* further held that the "sale of lots with reference to a plat in which areas are designated as parks passes to the purchasers of the lots a common right to use such areas for park purposes." *Id.*, citing *Schurtz v Wescott*, 286 Mich 691; 282 NW 870 (1938).

Although the trial court in this case was correct that each of the lots shown on the plat in *Kirchen* bordered one of the parks in the plat, see *id.* at 100, our Supreme Court's opinion in *Kirchen* does not indicate that this is a necessary requirement for owners of lots shown on the plat to obtain use rights in a park depicted on the plat.

In resolving the issue presently before us, we are further guided by our Supreme Court's opinion in *Schurtz*, 286 Mich 691. In *Schurtz*, the Court addressed a dispute over the ownership of two parks that were marked on the plat as "North Park" and "South Park." *Id.* at 693. The plat reflected that there were 112 lots in the plat, that the eastern boundary of each of the parks bordered the lake shore, that a street designated as "Park Street" ran along the western boundary of the parks, and that eight other lots bordered Park Street such that those eight lots were separated from the lake by Park Street and the parks. *Id.* at 693, 697. The recorded plat stated "that the streets as shown on said plat are dedicated to the use of the public for street purposes only," but the plat did not contain any dedication that specifically referenced the parks. *Id.* at 693. Our Supreme Court affirmed the trial court's ruling that "ownership of any lot in the plat carried with it private rights to the use of the parks as parks in common with other lot owners." *Id.* at 694, 697. The *Schurtz* Court reasoned as follows:

> As to the 'parks' the trial court held that any lot owner has the right to the use of the 'parks' in common with other lot owners. In our opinion the trial court was right in so decreeing. The record sustains a finding that when lots were sold in the plat, the sale was made in reference to the use to be made of the parks by the lot owners, moreover, there was no objection to the use of the parks on the part of lot owners and the public generally until shortly before appellant Schurtz filed her bill of complaint. The making and recording of the plat, the sale of lots, the use of the streets and parks by the lot owners for a great many years estops appellant Schurtz

from now claiming exclusive rights in the parks and streets. The parks as shown on the plat contained in the record indicate no severance or reservation of the water front. The lake is shown as adjoining the parks. It must therefore necessarily follow that the water front is a part of the street and parks and as such the rights of appellant Schurtz to the water front is coextensive only with other lot owners. [*Id.* at 697.]

In this case, the plat clearly designates a specific area along the lake as "Gray Park," which is also adjacent to a private road designated Park Ave. Park Ave in turn connects to the private road on which plaintiffs' lots are located. The plat also expressly provides that the streets were being used for their designated purposes. Plaintiffs' deed references the plat. We further note that Giuseppe testified that he and his tenants had continuously used Gray Park to access Bronson Lake since 1972 when Giuseppe purchased the property. Accordingly, we conclude that the trial court erred by ruling as a matter of law that plaintiffs did not have any right to use Gray Park or access Bronson Lake as a result of their ownership of lots in the plat, and the trial court therefore erred by granting summary disposition on that basis.[3] *Kirchen*, 291 Mich at 104; *Schurtz*, 286 Mich at 697; see also *Little v Hirschman*, 469 Mich 553, 558, 563; 677 NW2d 319 (2004) (citing the holding in *Schurtz*, 286 Mich at 697 with approval); *Walker v Bennett*, 111 Mich App 40, 43-44; 315 NW2d 142 (1981) (stating that "a purchaser of platted lands, when the plat is recorded, receives not only the interest described in the deed, but also whatever rights are indicated in the plat of the land," and further holding that "[n]o public rights are involved in this case as the roads and walkways were never dedicated to the public, but the platting of the land did grant to the owners [of lots in the original plat], including the Walkers and their grantees, a private right which is an easement appurtenant which will not be lost unless abandoned").

Our analysis in this opinion is limited to determining whether plaintiffs have any rights to use the park and access the lake. Issues concerning riparian or littoral rights are not presently before this Court. See *Thies*, 424 Mich at 287-288, 288 n 2, 289, 294 n 9 (explaining that land which includes or is bounded by a natural watercourse is generally described as "riparian" and carries with it "certain exclusive rights," but the scope of an easement may also include use rights typically considered "riparian" in nature). Our resolution of the instant appeal does not conclusively determine the *scope* of plaintiffs' use rights. "The scope and extent of an easement is generally a question of fact that is reviewed for clear error on appeal." *Morse*, 317 Mich App at 534 (quotation marks and citation omitted). These issues may be addressed in the trial court on remand.

---

[3] To the extent that appellees argue on appeal that the plat cannot be relied on to determine the rights of lot owners to use the park and access the lake because the plat is a supervisor's plat, we reject that argument. As this Court has previously stated, "[e]ven though it was a supervisor's plat, pursuant to the 1929 Plat Act, 1929 PA 172, it described the actual rights of the owners." *Affeldt v Lake Court Beach Ass'n*, unpublished per curiam opinion of the Court of Appeals, issued January 29, 2015 (Docket No. 315277), p 6. We may look to unpublished opinions for persuasive guidance although unpublished opinions are not precedentially binding. *Peterson Novelties, Inc v City of Berkley*, 259 Mich App 1, 20 n 16; 672 NW2d 351 (2003).

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction. No costs are awarded. MCR 7.219.

/s/ Elizabeth L. Gleicher
/s/ Stephen L. Borrello
/s/ Amy Ronayne Krause